IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARELEISHIER LASANYER HOLLOWAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL CASE NO. 3:18-cv-1072-ECM ) (WO) |
| DOLGENCORP, LLC and WINIFRED COLLEEN GROSS, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before this action is Plaintiff Areleishier Lasanyer Holloway's ("Holloway") motion to remand (doc. 5) and motion for leave to file amended complaint (doc. 6), both of which are opposed by the Defendant Dolgencorp, LLC ("Dolgencorp").[1] (Docs. 17 & 18). The motions are fully briefed, under submission, and ready for resolution without oral argument.

In this action, Holloway alleges that on or about August 17, 2017, she sustained several injuries when she slipped and fell on dish detergent in a store owned and operated by defendant Dolgencorp in Phenix City, Alabama. (Doc. 1-1, ¶¶ 6-8). She initiated this suit on November 19, 2018, by filing a complaint in the Circuit Court of Russell County,

---

[1] Although the Plaintiff also names as a defendant Winifred Colleen Gross, Gross has not been served, and thus is not a party before this Court. *See* Doc. 12 at 2.

Alabama. (Doc. 1-1). Holloway claims that her injuries are the result of Dolgencorp's negligence or wantonness and seeks a judgment awarding her compensatory and punitive damages. (*Id.* at ¶ 9).

Dolgencorp subsequently removed this case from state court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441. Holloway is a citizen of the State of Georgia, and the notice of removal asserts that Dolgencorp is a limited liability company organized under the laws of the state of Kentucky with its principal place of business in Tennessee. Although Holloway seeks compensatory and punitive damages, her complaint does not specify an amount of damages. In its notice of removal, Dolgencorp alleges that the Court has jurisdiction over this matter because the parties are citizens from different states and the "Plaintiff has provided evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs by serving Dolgencorp with a settlement demand of $150,000." (Doc.1 at 5, ¶ 14).

In response to Dolgencorp's notice of removal, Holloway filed her motion to amend asserting that, after removal, she discovered that Gross was not the proper defendant and she seeks to add three other store managers which would destroy this Court's diversity jurisdiction. She bases her motion to remand on the amended complaint, and argues that once she is permitted to amend the complaint, the Court will no longer have jurisdiction, and the Court would be required to remand this case to state court.

Upon consideration of the motion to amend and the motion to remand, and for the reasons that follow, the Court concludes that both motions are due to be DENIED.

## II. STANDARD OF REVIEW

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. DISCUSSION

Dolgencorp removed this case on the basis of diversity jurisdiction. "Generally, jurisdiction is determined at the time the suit is filed." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180 (5th Cir. 1987). Holloway is a citizen of Georgia. Dolgencorp a limited liability company organized under the laws of Kentucky, but is a citizen of Tennessee, where its single member is incorporated, and where it has its principal place of business. Gross is a citizen of Alabama. At the time of removal, therefore, the parties were completely diverse.

In her motion to amend, Holloway seeks to substitute three Dolgencorp employees for named defendant Gross: Georgia citizens Nakita Daniel and Katina Alfred and Alabama citizen Phillip Rickerson. Permitting the Plaintiff's motion to amend would destroy diversity and force the Court to remand the case to the Circuit Court.

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend "when justice so requires," and Rule 20 permits joinder of proper parties. However, a district court must scrutinize more closely an amended pleading that would name a new, nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum. Pursuant to 28 U.S.C. § 1441(3), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See also Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

"[T]he district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Hensgens*, 833 F.2d at 1182. To exercise its discretion, the Court must balance several factors including

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. . . . If [the Court] permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

4

*Id*.

Dolgencorp asserts that the amendment to the complaint is an effort by Holloway to defeat diversity jurisdiction because it came on the heels of the notice of removal. The accident that forms the basis of this lawsuit happened at a specific Dollar General store in Phenix City, Alabama on August 17, 2017. Over fifteen months later, on November 19, 2018, Holloway filed this action specifically naming Winifred Gross as the store manager. On December 26, 2018, Dolgencorp removed the case to this Court, and on January 29, 2019, Holloway filed her motion to amend and motion to remand. The timing of her motion to amend suggests that Holloway's motivation for filing the motion was to defeat diversity jurisdiction.

Holloway offers no explanation as to why she was unable to obtain the names of the other store managers in the fifteen months prior to filing suit. She also does not explain how she was able to discover that she had named the incorrect store manager, and learn the names of the proper store managers in the month between the Notice of Removal and the filing of her motion to amend. Although Holloway submitted initial discovery when she filed her complaint in state court, none of the discovery was directed at discovering the identities of fictitious parties. Moreover, although her Requests for Admissions are directed to the "Defendants," it is clear that her requests intended only for the corporate defendant Dolgencorp. This factor weighs in favor of Dolgencorp.

With respect to timeliness, Holloway waited until after Dolgencorp removed this case to seek to amend the complaint to add the non-diverse store managers. The incident occurred on August 17, 2017, and a letter to the Defendant outlining Holloway's injuries

was sent on March 5, 2018. Suit was filed on November 19, 2018. Holloway's motion to amend was filed on January 29, 2019.

This is not a case in which Holloway moved to amend the complaint to name the correct parties in state court prior to removal. *See Dever v. Family Dollar Stores of Ga., LLC*, 2018 Westlaw 5778189 (11th Cir. 2018).[2] In *Devers*, the Eleventh Circuit concluded that the district court failed to properly consider whether the Plaintiff should be permitted to amend the complaint because she had "sought to bring a claim against the store manager in her original complaint but was mistaken as to his identity." *Id*. at * 4. For this reason, *Devers* is distinguishable because there the plaintiff attempted to amend her complaint prior to removal.

Holloway did not attempt to amend her complaint until long after it was removed. She acknowledges that she notified the Defendant on January 28, 2019, that she intended to file a motion to amend to add non-diverse defendants.[3] (Docs. 5 & 6). Her motion to amend and her motion to remand were filed on the same day – the last day permitted by the removal statute. *See* 28 U.S.C. § 1447(c). The timing of the filing of the motion to amend, coupled with the filing of the motion to remand, is suspect. This factor weighs in favor of Dolgencorp.

The only potential injury Holloway may suffer should the Court deny the motion to

---

[2] The Court notes that *Devers* is an unpublished opinion and, therefore, is not binding on this Court.

[3] As the Defendant correctly points out, it is the addition of Nekita Daniels and Katina Alfred as citizens of Georgia, not Phillip Rickerson, an Alabama citizen, that would destroy diversity jurisdiction. (Doc. 17 at 1-2).

amend is that she must pursue her claims in federal court instead of state court. Because Holloway can proceed in her claims of negligence and wantonness against Dolgencorp, this factor does not weigh in her favor. Finally, although the parties do not identify any other equitable concerns, the Court has a strong interest in not allowing the parties to manipulate the proceedings. Allowing a plaintiff to amend a complaint after removal for the purpose of defeating diversity jurisdiction smacks of gamesmanship. Thus, after considering the appropriate factors, the Court concludes that the balance weighs in favor of the Defendant, and the Plaintiff's motion to amend the complaint is due to be denied.

Holloway's motion to remand relies entirely on lack of diversity created by the proposed amended complaint. She offers no other reason to remand this case. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000,[4] the Court concludes that removal was proper.

## IV. CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 5) and her motion to amend (doc. 6) are DENIED.

DONE this 23rd day of March, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The complaint does not state an amount of damages. In their notice of removal, Dolgencorp attached a demand letter from Holloway's counsel dated March 5, 2018, seeking to settle this case for $150,000. (Doc. 1-3 at 60).